IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BRIAN K. POOLE                                                                                    PLAINTIFF

v.                              CIVIL NO. 3:16-CV-3078

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                                                     DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Brian K. Poole, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on March 27, 2013, alleging an inability to work since August 31, 2011, due to back problems, emphysema, depression, right shoulder issues, blood vessels in feet and ankles, and high blood pressure. (Tr. 115-116, 130-131, 147-148. 165-166). For DIB purposes, Plaintiff maintained insured

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

status through December 31, 2011. (Tr. 115, 148). An administrative hearing was held on January 20, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 31-67).

By written decision dated May 13, 2015, the ALJ found that during the relevant time periods, Plaintiff had the following severe impairments: diabetes mellitus with neuropathy, obstructive sleep apnea, disorder of bilateral shoulders, degenerative disc disease of the lumbar spine, morbid obesity, chronic obstructive pulmonary disease (COPD), major depressive disorder – moderate, anxiety disorder, and antisocial personality disorder. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14-15). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 413.967(a) except he is limited to occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, or scaffolds; and he must avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation. He is limited to work involving simple, routine, repetitive tasks; with only simple, work-related decisions, and few, if any workplace changes; and no more than incidental contact with co-workers, supervisors, and the general public.

(Tr. 15). With the help of a vocational expert (VE), the ALJ determined that while Plaintiff was unable to perform his past relevant work, he could perform work as a tile table worker, eye glass frame polisher, surveillance system monitor, and toy stuffer. (Tr. 22-23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 12, 2016. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 413.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

## III. Discussion:

Plaintiff's only argument on appeal is that the ALJ failed to properly perform a credibility analysis under the standard set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), and instead, the ALJ simply engaged in a recitation of the medical records and Plaintiff's subjective complaints.

### A. Insured Status and Relevant Time Periods:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2011. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of August 31, 2011, his alleged onset

4

date of disability, through December 31, 2011, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that, on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (holding that the parties must focus their attention on claimant's condition at the time he last met insured status requirements).

With respect to Plaintiff's SSI application, benefits are not payable prior to the date of the application, regardless of how far back disability may, in fact, be alleged or found to extend. See 20 C.F.R. § 416.335. Therefore, the relevant period is from March 27, 2013, the date Plaintiff protectively applied for SSI benefits, through May 13, 2015, the date of the ALJ's decision.

**B.      Subjective Complaints and Symptom Analysis:**

Plaintiff alleges that the ALJ failed to properly perform a credibility analysis under the standard set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), and instead, the ALJ simply provided a recitation of the medical records and Plaintiff's subjective complaints. (Doc. 12, p. 2). Under Polaski, the ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his

5

medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). While the ALJ may not have expressly cited Polaski (which is out preferred practice), the ALJ cited and conducted an analysis pursuant to 20 C.F.R. §§ 404.1529 and 416.929, which largely mirror the Polaski factors. See Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (citing Randolph v. Barnhart, 386 F.835, 842 (8th Cir. 2004)). After reviewing the record, the Court concludes the ALJ adequately, if not expressly, applied the Polaski factors and discounted Plaintiff's subjective complaints of pain. Id.

Specifically, Plaintiff testified in a hearing before the ALJ on January 20, 2015, that he was unable to work because he was only able to walk short distances, had shortness of breath, and had pain in his back, legs, and left shoulder, all of which had gotten progressively worse since his last two disability hearings. (Tr. 37). In a Function Report dated April 28, 2013, Plaintiff reported that he lived alone in his home and that he had no problems with personal care, except for some pain when putting on his shoes and washing his hair. (Tr. 290-291). Plaintiff also reported that he prepared simple meals, did laundry, could drive a car, and could go out alone. (Tr. 292-293). Plaintiff reported that he could not do yard work; however, he testified at the hearing before the ALJ that, while he had to take routine breaks, he would mow the yard on a riding lawnmower. (Tr. 49-50, 293). He shopped in stores for food, could pay bills, and could count change. (Tr. 293). Plaintiff stated that his only hobby was watching

6

television and that he attended church on a regular basis without needing anyone to accompany him. (Tr. 294).

With regard to Plaintiff's physical impairments, medical records showed that prior to the relevant time periods, Plaintiff underwent surgery for hernia repair as well as surgery on his right shoulder. (Tr. 588, 614). However, during the relevant time periods, Plaintiff was treated conservatively for his diabetes, obstructive sleep apnea, bilateral shoulder pain, degenerative disc disease of the lumbar spine, obesity and COPD. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998); see Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). Moreover, medical records showed that on numerous occasions, Plaintiff's anxiety and back pain were controlled with medication. (Tr. 474, 479, 697, 704). See Brown v. Astrue, 611 F.3d 941, 955 (8th Cir. 2010) (if an impairment can be controlled by treatment or medication it cannot be considered disabling).

With regard to Plaintiff's mental impairments, Plaintiff was also treated conservatively with medication. Moreover, the record failed to demonstrate that Plaintiff sought any on-going and consistent treatment from a mental health professional during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability). The Court notes that the only treatment records by a mental health professional during the relevant time period were from November of 2014, and were from Dayspring Behavioral Health. (Tr. 527, 531-539).

The medical record also demonstrated that Plaintiff was non-compliant with his medication and other treatment recommendations on numerous occasions, which negatively

7

impacted his credibility. (Tr. 411, 417, 447, 482, 484, 516-517, 520, 700, 719). See Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) (citations omitted) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility."). Furthermore, the record contained numerous accounts where the Plaintiff admitted to smoking 21 to 30 cigarettes per day and maintained a body weight of more than 300 pounds, despite being counseled on smoking cessation and weight loss for his obesity. (Tr. 412, 414, 415, 417, 474, 477, 480, 483, 513, 515, 516-517, 519-520, 522-523, 665, 672, 675-676, 680, 683-684, 687-688, 697-700, 704, 707, 710, 719). See Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008) (noting that "continued smoking amounts to a failure to follow a prescribed course of remedial treatment" when smoking has a direct impact on the alleged disability).

To the extent Plaintiff alleges he was unable to seek treatment for his physical or mental conditions due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The Court also notes that Plaintiff's medical records indicated that Plaintiff was able to support his daily smoking habit throughout the relevant time periods. (Tr. 412. 414-415, 474, 477, 483, 515, 517, 520, 523, 665, 672, 676, 680, 684, 688, 701, 707, 710, 719).

While it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C. The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1), 416.946(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, his medical records when he determined Plaintiff could perform sedentary work with limitations during the time periods in question. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the

government, if they are inconsistent with the record as a whole). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### D. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a tile table worker, eye glass frame polisher, surveillance system monitor, or a toy stuffer. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 1st day of September, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE